1

2

3

4                               UNITED STATES DISTRICT COURT

5                              NORTHERN DISTRICT OF CALIFORNIA

6

7   KENNARD ISAIAH LOVE,                         Case No. 16-cv-01981-JD

         Plaintiff,
8
                                                 **ORDER OF DISMISSAL WITH**
9        v.                                      **LEAVE TO AMEND**

10  SALINAS VALLEY STATE PRISON,

         Defendant.
11

12

13          Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

14  He has been granted leave to proceed in forma pauperis.

15                                          **DISCUSSION**

16  **STANDARD OF REVIEW**

17          Federal courts must engage in a preliminary screening of cases in which prisoners seek

18  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

19  § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims

20  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

21  monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se

22  pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

23  Cir. 1990).

24          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

25  claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed

26  factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

27  relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

28  cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above

United States District Court
Northern District of California

1   the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

2   omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its

3   face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face"

4   standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

5   must be supported by factual allegations.  When there are well-pleaded factual allegations, a court

6   should assume their veracity and then determine whether they plausibly give rise to an entitlement

7   to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

8          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

9   the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

10   committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

11          **LEGAL CLAIMS**

12          Plaintiff argues that prison officials improperly classified him as a sex offender based on

13   his commitment crime.  The Due Process Clause protects against the deprivation of liberty without

14   due process of law.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  In order to invoke the

15   protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty

16   interest for which the protection is sought.  *Id*.  Liberty interests may arise from the Due Process

17   Clause itself, or from an expectation or interest created by prison regulations.  *Id*.  The Due

18   Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse

19   conditions of confinement."  *Id*.  The existence of a liberty interest created by prison regulations is

20   determined by focusing on the nature of the deprivation.  *Sandin v. Conner*, 515 U.S. 472, 481-84

21   (1995).  Such liberty interests are "generally limited to freedom from restraint which . . . imposes

22   atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

23   *Id*. at 484; *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

24          Changes in conditions relating to classification and reclassification do not implicate the

25   Due Process Clause itself.  *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987)

26   (citing *Moody v. Dagget*, 429 U.S. 78, 88 n.9 (1976)) (no constitutional right to particular

27   classification).  Yet, the classification of an inmate as a sex offender may be the type of atypical

28   and significant hardship on the inmate in relation to the ordinary incidents of prison life that the

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1   Supreme Court held created a protected liberty interest in *Sandin*.  See Neal v. Shimoda, 131 F.3d

2   818, 827-30 (9th Cir. 1997).  While such a liberty interest is not created merely by the requirement

3   that sex offenders participate in a specified treatment program, *see id*. at 830, in *Neal* the Ninth

4   Circuit found that "the stigmatizing consequences of the attachment of the 'sex offender' label

5   coupled with the subjection of the targeted inmate to a mandatory treatment program whose

6   successful completion is a precondition for parole eligibility create the kind of deprivations of

7   liberty that require procedural protections," *id*.  Under these circumstances, inmates are entitled to

8   procedural due process before being classified as sex offenders.  *See id*. at 830-31 (inmates

9   entitled to procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974), including notice of

10   reasons for classification as sex offender and a hearing at which the inmate may call witnesses and

11   present documentary evidence in his defense).

12   Plaintiff states that an "R" suffix was improperly added to his custody designation which

13   denotes an underlying sex related offense.  Plaintiff was charged as being an accomplice when

14   another defendant forced the victim to perform sex acts and assaulted her.  Plaintiff pled guilty to

15   the assault but the sex related charges were dismissed.  At a Unit Classification Committee

16   ("UCC") hearing on September 17, 2014, the committee noted that plaintiff did not participate in

17   the sexual acts but added the "R" suffix because plaintiff had an opportunity to intercede in the

18   sexual assault but did not.  Complaint at 9.

19   The complaint is dismissed with leave to amend.  Plaintiff must provide more information

20   regarding any atypical and significant hardship associated with the "R" suffix and how the

21   procedural protections of *Wolff* were denied.  Plaintiff must present specific allegations, simply

22   attaching exhibits is insufficient.  Plaintiff may also wish to add as a defendant the Secretary of

23   CDCR, in order to obtain the injunctive relief he seek.  This "R" suffix was added while in this

24   district, but plaintiff has since been transferred to a different prison in another district.

**CONCLUSION**

26   1.   The complaint is **DISMISSED** with leave to amend.  The amended complaint must

27   be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption

28   and civil case number used in this order and the words AMENDED COMPLAINT on the first

3

1   page.  Because an amended complaint completely replaces the original complaint, plaintiff must

2   include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th

3   Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to

4   amend within the designated time will result in the dismissal of this case.

5         2.     It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

6   Court informed of any change of address by filing a separate paper with the clerk headed "Notice

7   of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to

8   do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

9   Civil Procedure 41(b).

10       **IT IS SO ORDERED.**

11   Dated: June 1, 2016

12

13   _____

14   JAMES DONATO
United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4

221afd16b6d19648

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNARD ISAIAH LOVE,

          Plaintiff,

      v.

SALINAS VALLEY STATE PRISON,

          Defendant.

Case No.   16-cv-01981-JD

**CERTIFICATE OF SERVICE**

       I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

       That on June 1, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kennard Isaiah Love ID: AA-7389
California Men's Colony State Prison
P.O. Box 8101
San Luis Obispo, CA 93409

Dated: June 1, 2016

Susan Y. Soong
Clerk, United States District Court

By: _____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

United States District Court
Northern District of California