1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7
8

KENNARD ISAIAH LOVE,

　　　　　Plaintiff,

v.

SALINAS VALLEY STATE PRISON,

　　　　　Defendant.

9
10
11

Case No.  16-cv-01981-JD

**ORDER OF SERVICE**

Re: Dkt. No. 10

12
13

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

14

The complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

15

**DISCUSSION**

16

**STANDARD OF REVIEW**

17

Federal courts must engage in a preliminary screening of cases in which prisoners seek

18

redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

19

§ 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims

20

which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

21

monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se

22

pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

23

Cir. 1990).

24

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

25

claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed

26

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

27

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

28

cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above

United States District Court
Northern District of California

1   the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

2   omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its

3   face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face"

4   standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

5   must be supported by factual allegations.  When there are well-pleaded factual allegations, a court

6   should assume their veracity and then determine whether they plausibly give rise to an entitlement

7   to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

8       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

9   the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

10  committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

11  **LEGAL CLAIMS**

12      Plaintiff argues that prison officials improperly classified him as a sex offender based on

13  his commitment crime.  The Due Process Clause protects against the deprivation of liberty without

14  due process of law.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  In order to invoke the

15  protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty

16  interest for which the protection is sought.  *Id*.  Liberty interests may arise from the Due Process

17  Clause itself, or from an expectation or interest created by prison regulations.  *Id*.  The Due

18  Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse

19  conditions of confinement."  *Id*.  The existence of a liberty interest created by prison regulations is

20  determined by focusing on the nature of the deprivation.  *Sandin v. Conner*, 515 U.S. 472, 481-84

21  (1995).  Such liberty interests are "generally limited to freedom from restraint which . . . imposes

22  atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

23  *Id*. at 484; *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

24      Changes in conditions relating to classification and reclassification do not implicate the

25  Due Process Clause itself.  *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987)

26  (citing *Moody v. Dagget*, 429 U.S. 78, 88 n.9 (1976)) (no constitutional right to particular

27  classification).  Yet, the classification of an inmate as a sex offender may be the type of atypical

28  and significant hardship on the inmate in relation to the ordinary incidents of prison life that the

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1   Supreme Court held created a protected liberty interest in *Sandin*.  See Neal v. Shimoda, 131 F.3d

2   818, 827-30 (9th Cir. 1997).  While such a liberty interest is not created merely by the requirement

3   that sex offenders participate in a specified treatment program, *see id*. at 830, in *Neal* the Ninth

4   Circuit found that "the stigmatizing consequences of the attachment of the 'sex offender' label

5   coupled with the subjection of the targeted inmate to a mandatory treatment program whose

6   successful completion is a precondition for parole eligibility create the kind of deprivations of

7   liberty that require procedural protections," *id*.  Under these circumstances, inmates are entitled to

8   procedural due process before being classified as sex offenders.  *See id*. at 830-31 (inmates

9   entitled to procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974), including notice of

10  reasons for classification as sex offender and a hearing at which the inmate may call witnesses and

11  present documentary evidence in his defense).

12      Plaintiff states that an "R" suffix was improperly added to his custody designation which

13  denotes an underlying sex related offense.  Plaintiff was charged as being an accomplice when

14  another defendant forced the victim to perform sex acts and assaulted her.  Plaintiff pled guilty to

15  the assault but the sex related charges were dismissed.  At a Unit Classification Committee

16  ("UCC") hearing on September 17, 2014, the committee noted that plaintiff did not participate in

17  the sexual acts but added the "R" suffix because plaintiff had an opportunity to intercede in the

18  sexual assault but did not.  Complaint at 9.

19      Plaintiff contends that he has suffered atypical and significant hardships including the

20  stigma of being a sex offender, delays in obtaining his bachelor's degree, and not being allowed

21  overnight visits from a spouse and family.  He also alleges that he was not permitted to call

22  witnesses and present documentary evidence at the UCC hearing.  This is sufficient to proceed.

23                          **CONCLUSION**

24      1.      Plaintiff's motion for an extension (Docket No. 10) is **GRANTED** and the

25  amended complaint is deemed timely filed.

26      2.      The clerk shall issue a summons and the United States Marshal shall serve, without

27  prepayment of fees, copies of the complaint with attachments and copies of this order on the

28  following defendants: Jeffrey Beard, Secretary of the California Department of Corrections and

3

Rehabilitation; William Muniz, Warden of Salinas Valley State Prison; Josie Gastelo, Warden of California Men's Colony State Prison.

3.     In order to expedite the resolution of this case, the Court orders as follows:

a.     No later than sixty days from the date of service, defendant shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date his summary judgment motion is due.  All papers filed with the Court shall be promptly served on the plaintiff.

b.     At the time the dispositive motion is served, defendant shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

c.     Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon defendant no later than thirty days from the date the motion was served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

d.     If defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon him.

4

United States District Court
Northern District of California

e.       The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4.       All communications by plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.       Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6.       It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  August 31, 2016

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

1    **NOTICE -- WARNING (SUMMARY JUDGMENT)**

2        If defendants move for summary judgment, they are seeking to have your case dismissed.

3    A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if

4    granted, end your case.

5        Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

6    Generally, summary judgment must be granted when there is no genuine issue of material fact--

7    that is, if there is no real dispute about any fact that would affect the result of your case, the party

8    who asked for summary judgment is entitled to judgment as a matter of law, which will end your

9    case.  When a party you are suing makes a motion for summary judgment that is properly

10   supported by declarations (or other sworn testimony), you cannot simply rely on what your

11   complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to

12   interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts

13   shown in the defendant's declarations and documents and show that there is a genuine issue of

14   material fact for trial.  If you do not submit your own evidence in opposition, summary judgment,

15   if appropriate, may be entered against you.  If summary judgment is granted, your case will be

16   dismissed and there will be no trial.

17   **NOTICE -- WARNING (EXHAUSTION)**

18       If defendants file a motion for summary judgment for failure to exhaust, they are seeking

19   to have your case dismissed.  If the motion is granted it will end your case.

20       You have the right to present any evidence you may have which tends to show that you did

21   exhaust your administrative remedies.  Such evidence may be in the form of declarations

22   (statements signed under penalty of perjury) or authenticated documents, that is, documents

23   accompanied by a declaration showing where they came from and why they are authentic, or other

24   sworn papers, such as answers to interrogatories or depositions.

25       If defendants file a motion for summary judgment for failure to exhaust and it is granted,

26   your case will be dismissed and there will be no trial.

27

28

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNARD ISAIAH LOVE,

           Plaintiff,

      v.

SALINAS VALLEY STATE PRISON,

           Defendant.

Case No.  16-cv-01981-JD

**CERTIFICATE OF SERVICE**

       I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

       That on August 31, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kennard Isaiah Love ID: AA-7389
California Men's Colony State Prison
P.O. Box 8101
San Luis Obispo, CA 93409

Dated: August 31, 2016

Susan Y. Soong
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO