UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD ISAIAH LOVE,<br><br>        Plaintiff,<br><br>    v.<br><br>SALINAS VALLEY STATE PRISON, et al.,<br><br>        Defendants. | Case No. 16-cv-01981-JD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 17 |

United States District Court
Northern District of California

Plaintiff, a state prisoner proceeding pro se, proceeds with a civil rights action under 42 U.S.C. § 1983. On November 15, 2016, defendants filed a motion to dismiss for failure to state a claim. Plaintiff was repeatedly informed that he needed to file an opposition but only a filed a few sentence response. The Court has still looked to the merits and the motion is granted.

**BACKGROUND**

This case proceeds pursuant to the amended complaint with respect to plaintiff's claim that he was improperly classified as a sex offender. He states that an "R" suffix, which denotes an underlying sex related offense, was improperly added to his custody designation. Plaintiff's commitment offense involved an incident where he was an accomplice while another defendant forced the victim to perform sex acts and the other defendant assaulted her. Plaintiff pled guilty to the assault, but the sex-related charges were dismissed. At a Unit Classification Committee ("UCC") hearing, the UCC noted that plaintiff had not participated in the sexual acts of the commitment offense, but the UCC added the "R" suffix because plaintiff had an opportunity to intercede in the sexual assault but did not.

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). All allegations of material fact are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (courts are not bound to accept as true "a legal conclusion couched as a factual allegation"). "A plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See id.* at 558-59, 574. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not 'show[n]'- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citation omitted).

Review is limited to the contents of the complaint, *see Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *See Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *See id.* at 688 (discussing Fed. R. Evid. 201(b)).

The Due Process Clause protects against the deprivation of liberty without due process of law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the

protection is sought. *Id.* Liberty interests may arise from the Due Process Clause itself, or from an expectation or interest created by prison regulations. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." *Id.* The existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). Such liberty interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484 (internal citations omitted); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

Changes in conditions relating to classification and reclassification do not implicate the Due Process Clause itself. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)) (no constitutional right to particular classification). Yet, the classification of an inmate as a sex offender may be the type of atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life that the Supreme Court held created a protected liberty interest in *Sandin*. *See Neal v. Shimoda*, 131 F.3d 818, 827-30 (9th Cir. 1997). While such a liberty interest is not created merely by the requirement that sex offenders participate in a specified treatment program, *see id.* at 830, in *Neal* the Ninth Circuit found that "the stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections," *id.* Under these circumstances, inmates are entitled to procedural due process before being classified as sex offenders. *See id.* at 830-31 (inmates entitled to procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974), including notice of reasons for classification as sex offender and a hearing at which the inmate may call witnesses and present documentary evidence in his defense).

**DISCUSSION**

In the amended complaint plaintiff argues that he has suffered an atypical and significant hardship with respect to the sex offender classification. He argues that he was not allowed

3

overnight visits to consummate his marriage and his ability to acquire his bachelor degree was disrupted. Yet, prisoners have no constitutional right to contact or conjugal visitation. *See Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994); *Toussaint v. McCarthy*, 801 F.2d 1080, 1113-14 (9th Cir. 1986). Nor is California's regulatory language regarding such visits sufficiently mandatory to meet the standard set forth above in *Sandin*. *See* Cal. Code Regs. tit. 15, § 3174(e) (any contact or conjugal visit is a "privilege," not a right). Nor do prisoners have a liberty interest in prison education. *Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987); *see also Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (Due Process clause does not create property interest in vocational instruction courses).

While the Ninth Circuit found in *Neal* that the stigmatizing consequences of the sex offender label combined with mandatory treatment programs could affect parole eligibility and, therefore, prisoners are entitled to procedural due process protections, none of those factors are present in this case. Plaintiff's allegations regarding conjugal visits and disruptions to his education do not demonstrate atypical and significant hardships or any other liberty interest. To the extent that plaintiff argues defendants violated prison regulations, this fails to state a claim for a federal constitutional violation. Moreover, as there was no liberty interest at issue, the Court need not address the procedural protections that were allegedly denied at the UCC hearing.

Defendants' motion to dismiss is granted because plaintiff has failed to allege a violation of the Due Process Clause itself, or from an interest created by the prison regulations. Because plaintiff has already been granted leave to amend and because he failed to file a formal opposition to the motion to dismiss, the complaint is dismissed with prejudice.

1   **CONCLUSION**

2   The motion to dismiss (Docket No. 17) is **GRANTED** and this action is dismissed.  The

3   Clerk shall close this case.

4   **IT IS SO ORDERED.**

5   Dated:  June 1, 2017

6

7

8   _____
    JAMES DONATO
    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KENNARD ISAIAH LOVE,

          Plaintiff,

    v.

SALINAS VALLEY STATE PRISON, et al.,

          Defendants.

Case No. 16-cv-01981-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 1, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kennard Isaiah Love ID: AA-7389
California Men's Colony State Prison
P.O. Box 8101
San Luis Obispo, CA 93409

Dated: June 1, 2017

Susan Y. Soong
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO